IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CV-114-FL

| | |
|---|---|
| COURTNAY BRISSETT and LADWIN BRISSETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ORDER ) ) |
| WELLS FARGO BANK, N.A., As Trustee for the Certificate Holders of Carrington Mortgage Loan Trust, Series 2007-Frel, | ) ) ) ) |
| Defendant. | ) ) |

This matter comes before the court on frivolity review of plaintiffs' pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiffs' complaint for lack of subject matter jurisdiction.[1] Plaintiffs timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R, and dismisses the complaint for lack of jurisdiction, without prejudice and with leave to amend.

**BACKGROUND**

Plaintiffs filed motion for leave to proceed in forma pauperis on August 17, 2017,

---

[1] In an order included with the M&R, the magistrate judge granted plaintiffs' motions to proceed in forma pauperis (DE 1 and 2). The clerk is DIRECTED to terminate such motions on the court's docket.

accompanied by proposed complaint, supplemental complaint, and supporting documentation, asserting defendant engaged in fraud and deceptive trade practices in the course of a purported loan modification arrangement, following hurricane damage in 2012, and foreclosure action taking place in June 2017, against "the primary residence of Plaintiffs" at 609 National Court Drive, New Bern, North Carolina, 28560. Plaintiffs seek an unspecified amount of treble damages, punitive damages, and lis pendens.

In order and M&R entered October 6, 2017, the magistrate judge granted plaintiffs' applications to proceed in forma pauperis, and the court filed plaintiffs' complaint. Upon frivolity review, the M&R recommends dismissal of plaintiffs' complaint for lack of subject matter jurisdiction. In particular, the M&R determines that no federal question jurisdiction is apparent from the face of the complaint. In addition, the M&R determines that plaintiffs have not alleged diversity of the parties nor amount in controversy sufficient to satisfy the court's diversity jurisdiction. Plaintiffs filed objections on October 20, 2017, asserting that they "have not resided in the State of North Carolina for over (4) four years." (Obj. (DE 9) at 1).[2]

## DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687

---

[2] The court notes that plaintiffs filed a prior action in this court in 2013 that also was dismissed for lack of jurisdiction for failure to sufficiently allege diversity jurisdiction. See Brissett v. Shoaf Law Firm, P.A., No. 5:12-CV-781-FL, 2013 WL 6713123, at *5 (E.D.N.C. Dec. 19, 2013).

2

F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Plaintiffs object to the determination in the M&R that plaintiffs fail to allege diversity

3

jurisdiction.[3] "The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. "There is a presumption against diversity jurisdiction." Krier-Hawthorne v. Beam, 728 F.2d 658, 667 (4th Cir. 1984). "[T]he party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); see Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

"[T]he citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." Rowland v. Patterson, 882 F.2d 97, 98 (4th Cir. 1989). "[I]f the person established citizenship in another State after the complaint was filed, it would not affect jurisdiction that existed at the time the complaint . . . was filed." Johnson v. Advance Am., 549 F.3d 932, 938 (4th Cir. 2008).

> For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship. To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State. Domicile requires physical presence, coupled with an intent to make the State a home. [T]o effect a change of citizenship from one state to another there must be residence in the new domicile and an intention to remain there permanently or indefinitely.

Id. at 937 (internal quotations and citations omitted; emphasis added).

Plaintiffs' complaint does not contain allegations sufficient to show diversity jurisdiction. First, with respect to amount in controversy, plaintiffs make no allegation that the amount in controversy in this action exceeds $75,000.00. Nor do they allege facts to permit an inference as to amount in controversy.

---

[3] Plaintiffs do not object to the determination that the complaint does not allege federal question jurisdiction under 28 U.S.C. § 1331. Finding no clear error in this determination, the court adopts the determination of the M&R as to federal question jurisdiction.

Second, with respect to diversity of the parties, plaintiffs do not allege that they are citizens of a state other than North Carolina, the alleged state of incorporation of defendant. Plaintiffs allege that their "primary residence" is in North Carolina. (Compl. (DE 10) ¶19). Plaintiffs claim to be "Dual Citizens of North Carolina," (id. ¶ 1), and that they are "temporarily in New York for medical treatment," "using" the address 727 Utica Avenue, P.M.B. 164, Brooklyn, N.Y. 11203. (Id. at p. 1).

These allegations are insufficient to show that plaintiffs have changed their citizenship from the location of their "primary residence," North Carolina, to another state of domicile, such as New York, by establishment of "residence in the new domicile and an intention to remain there permanently or indefinitely." Johnson, 549 F.3d at 937 (quotations omitted).

Plaintiffs assert in their objections that they "clearly state[] in their complaint that the Brissetts have not resided in the State of North Carolina for over (4) four years." (Obj. (DE 9) at 1). They also assert that North Carolina law states that to be a citizen of North Carolina a person must "reside continuously in the State for (1) one year." (Id.).

These assertions in their objections are insufficient to cure the deficient jurisdictional allegations in the complaint. As an initial matter, plaintiffs' reference to North Carolina law is inapposite to the question of federal diversity jurisdiction, which is governed by the federal legal standard set forth herein above, pursuant to Johnson, 549 F.3d at 937. In addition, plaintiff's assertion that they have not resided in North Carolina for over four years is insufficient to show that they have changed their citizenship to New York, by establishing "residence in the new domicile and an intention to remain there permanently or indefinitely." Id. Furthermore, plaintiffs' bare statements in their objections are not sufficient to amend the complaint, particularly where plaintiffs

5

specifically allege in their current complaint that they are "<u>temporarily</u> in New York for medical treatment" and "using" an address there. (Compl. (DE 10) at 1) (emphasis added), an allegation that directly contradicts any assertion of New York citizenship. <u>See</u> <u>Johnson</u>, 549 F.3d at 937.

In sum, plaintiffs have failed to allege diversity jurisdiction in this action. Having so determined upon frivolity review, dismissal of the complaint for lack of subject matter jurisdiction is required. Nevertheless, dismissal is without prejudice and with provision for leave to amend, where "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial . . . courts." 28 U.S.C. § 1653. Plaintiffs may be able to allege facts that establish amount in controversy and diversity of citizenship in accordance with the standards set forth herein.

Accordingly, the court dismisses the complaint, without prejudice, and with leave to file a amended complaint. If plaintiffs wish to proceed with an action in this court in forma pauperis, plaintiffs are DIRECTED to file an amended complaint curing defective jurisdictional allegations on or before **December 29, 2017.** The court notifies plaintiffs that their amended complaint will be considered their complaint in its entirely, and the court will not review plaintiffs' other filings to glean any misplaced claims. Plaintiffs' amended complaint, if any, will be subject to further frivolity review. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R. In addition, for the reasons stated herein, the clerk is DIRECTED to terminate the motions to proceed in forma pauperis (DE 1, 2), where such motions were granted by order of the magistrate judge on October 6, 2017. Upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction. However, such dismissal is without prejudice and

with leave to amend. If plaintiffs wish to proceed with an action in this court in forma pauperis, plaintiffs are DIRECTED to file an amended complaint curing defective jurisdictional allegations on or before **December 29, 2017.** The court notifies plaintiffs that their amended complaint will be considered their complaint in its entirely, and the court will not review plaintiffs' other filings to glean any misplaced claims. Plaintiffs' amended complaint, if any, will be subject to further frivolity review. See 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED, this the 13th day of December, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge